Good morning. My name is Tom McGavro. I'm here on behalf of the Accrediting Council for Independent Colleges of Schools or ACICS. Your Honor, we are asking that the preliminary court impose its own judgment over the judgment of the Accrediting Council. Yes, Your Honor. In this case, first make sure we understand, you no longer have the Department of Education in the position of saying that you are authorized to do what you want. Is that right? The Department of Education has at this moment denied recognition. That matter is both in litigation and is the subject, and I am not party to that so I can't speak to it, but the subject of informal resolution talks as well. There is always the possibility that ACICS will once again be recognized by In the eyes of the federal government, we are simply another voluntary membership that offers accreditation to its members. Yes. So you maintain that those other entities who give someone who does not have any type of connection with the federal government, we have jurisdiction over that? Your Honor, if ACICS were to make a decision tomorrow on accreditation for an institution within its membership, I think there is a question whether that would give rise to federal question jurisdiction. Because you do not have currently. Because we currently do not have recognition by the Department of Education. Precisely. Accreditation you denied here or that you have here, you don't have it there either, and the effect of the preliminary adjustment, which I'm going to ask the other side about this mootness business. I'm trying to understand Brestel's position on the If it's moot, they get to keep your accreditation. I don't know where that comes from, because why in the world can't you take away something you've given even though the Department of Education doesn't do it? I don't get that mootness at all, but we're still in mootness. Fair enough. I mean, at best, it seems like to me we ought to hold, and I don't like holding something in abeyance for a lower court to make a decision, but it seems like to me that's a fundamental question here. Because without that, what can you, I mean, what can they do that can't get federal funding? They say they can get additional funding, but it has nothing to do with this, and there's no federal authority that's been delegated to you. You say quasi, but there's no quasi about that. There's no federal connection here. Once you get that away, then you've got your diversity argument, but where do you get diversity from? You don't have a state law here. Diversity goes over the state law that's not there either, and you didn't plead it. You didn't plead to set aside controversy or anything. You're right, Your Honor. They did not plead the amount in controversy. I'm going to take your points in reverse order if I may. They did not plead amount in controversy, but they did plead that the institution would fail and go out of business, and that is clearly above the value of the $1,000 threshold. However, as to the federal question, remember when they put in, and I want to get back to the federal question, but at least for diversity, they didn't plead anything that's commensable under state law. These are all federal claims being made here. Their claims deal with federal common law due process, claim under the Higher Education Act, claim for declaratory relief under those causes of diversity, contemplates there's something in state law that we can go to one of those states and say, okay, we're going to apply your law on this. And so then that's why I say I've got a problem with diversity jurisdiction. If it exists, it's got to go to the federal question. I agree, but how do you get there when the Department of Education, at least as you see it at present, and if it's going to be tomorrow, I agree. And if I may, Your Honor, in the past it had, and that I think is the key point, that when ACICS took this action, when Bristol was allegedly denied its due process, when it was denied accreditation, ACICS was recognized, and therefore, the denial itself, which is the Department of Education, that is to say, the standards by which ACICS conducts its review are governed by federal law. Well, let me move on. Here's why I don't understand your position. If you are not covered any longer by federal law, and the court has, the district court has now given you a preliminary injunction, so to make them keep it, if it is now no jurisdiction, that order goes away because it doesn't have jurisdiction. So from your perspective, you can go and say, okay, you don't have accreditation. So why are you arguing that we have jurisdiction and therefore the district court properly entered a preliminary injunction? I will admit, Your Honor, that if this court finds that the entire case is moot, excuse me, if this court, I misspoke, I apologize, if this court finds that there is no longer jurisdiction and remands to the district court with instructions to dismiss. Then what would happen with you? ACICS would remain as a voluntary membership. And then what would you do with that accreditation that the district court said you've got a preliminary injunction? At that point, Your Honor, I think the preliminary injunction would dissolve, the case would be over, and Bristol would return to being unaccredited. So what do you want? Your Honor. Why don't you not argue for this? Even if it comes back and gives it to you later on, but they're not going to be accredited by you because once we say we don't have jurisdiction, if we say that, guess what, the district court follows us. And that only takes one quick little move down. You can't put that preliminary injunction. You've got to take it off. Boom. Give me my accreditation. You don't have it. What's going to happen? At that point, I would admit, Your Honor, that losing on the federal question jurisdiction issue would not be a complete downside for ACICS. We would, and that is what would happen. The district court would dismiss the case. I'm just looking at the bottom line of what you're asking for. You just don't want to give them accreditation. And the end result of this is this is the easiest way to do it. And you come back and they want to seek it. They pop it in education and then come back into it. And you've got to go back and see if they get it. Because now, you've moved from being one of those guys on the street to now you are one of the, you know, the Department of Education guys. And then you can go back through that process. Yes. And if the Department of Education is no longer, we don't have federal jurisdiction, you can go and conduct a review now and say, well, we're not going to buy any of that stuff now. We're going to do a separate review. You still don't get it. There's a lot of ways to do this to get what you want. I don't see how you get it by standing before us and arguing that the preliminary injunction is what the problem is here. When you've got a clean slate to walk out of here and say, I'm so glad that court said you don't have jurisdiction. This court, you don't have jurisdiction. Your preliminary injunction is gone. Give me my credits. Maybe somebody else sees this differently. But that looks pretty plain to me. I cannot argue with that, Your Honor. That is, then why are we here? Yes. Because up until a week ago. Two weeks ago. Well, we considered, we had an adverse ruling by a district court and we needed to have a review. I said you didn't think about it. And we didn't think about it. The issue was not raised. No, Your Honor. And leaving aside the question of jurisdiction, if the court. And I do want to move on to the merits. Yes, Your Honor. But let's make something clear. You're not disagreeing with anything on that jurisdiction. That is, that you don't have the Department of Education with you. And without that, you are not, it's not a federal question here to be considered. Your position only could be that it was back then. And because it's now no longer, it doesn't keep us from litigating something back then. I think so. My position. Don't let me confuse you. I confuse easy, Your Honor. My position would be that on the federal question, the original decision was made under the auspices of federal law. And there is a federal question. I would agree, if this court disagrees with me and finds there is no federal question in jurisdiction, the end result would be that Bristol. Presently there isn't. I'm sorry? Presently there isn't. You can go decide back when it was. Presently there is no federal question here. That's all. You don't have accreditation. You're not under the Department of Education. We do not have recognition. No, Your Honor. All right. Go ahead. Okay. On the substance of the appeal, again, the only issue the trial court focused on was why Bristol wasn't given more time by the review board. And let me make this clear. Bristol did not ask for more time before the counsel. The October, excuse me, November 2015 submission by Bristol, which was the last report it submitted to ACICS, was in the record. It's not in the appendix. It was in the record. In there, in all of the narratives, at no point did it ask for more time. Only when it got to the review board did it ask for more time. Now, the trial court, what the trial court wondered effectively was why didn't the review board explain why it wouldn't give Bristol more time? And as a corollary to that, why didn't the counsel explain why it would not give Bristol more time? Our position, and I've reserved five minutes and I'm running low, so our position is that the mere question, why didn't they give them more time, is in and of itself an imposition of the trial court's judgment. It's a what? An imposition of the trial court's judgment over that of the accrediting counsel. Because the trial court had to... In other words, a gross abuse of discretion is what you're... Yes. I wouldn't use the term gross, Your Honor, but you're more than free to do so. Yes, but effectively it says the counsel should have... I think it should have been given more time. I want to know why the counsel didn't. I thought it was a misinterpretation of the rules, that it was looking at a rule that wasn't applicable at the time the decision was made. That was another problem. There was a compliance... A different one. There was a compliance warning provision in what the court had in front of it. That did not apply back in 2015, but even so... And you're right, Your Honor, it was a misreading because nothing in even the 2016 criteria required a step-by-step, you get a deferral, then you get a compliance, then you get a show cause. The counsel could have moved to either one of the three. And in this case, it is clear the counsel moved to a show cause. Even if it had a compliance warning in effect at that time, it had authority and discretion to skip over it and go right to show cause, which it did. And the end result was that after giving Bristol seven months, 24 major deficiencies remained. And it is clear from the counsel's letter why exactly Bristol was denied accreditation. And if the court has no further questions, I'll reserve five minutes. Thank you. Mr. Loftin. Good morning, and may it please the Court. Robert Loftin from McGuire Woods on behalf of Bristol University. Preliminarily, before I get to the jurisdictional issue, Judge Wynn, I just want to be clear that Judge Tringa did not abuse his discretion, and his judgment should be affirmed. With regard to the jurisdictional and mootness points... It's a whole wonderful question, but if we don't have jurisdiction, we wouldn't even have to worry about that. Tell me about jurisdiction. Well, I think the question of jurisdiction is debatable. Under 20 U.S.C. 1099B, subsection F, which we've pled in our complaint, which is in the appendix at page 18, we specifically cited that subsection, and that's what gave Judge Tringa jurisdiction. Because at the time, the council was accredited. Now, the council did not inform the district court, and the council did not inform this court in its opening brief, that the Department of Education was investigating it, and that it's... Is it clear that for agencies that are not accredited, we don't have the entities that are not accredited, we don't have jurisdiction over these? Correct. There is no jurisdiction. So it's clear as a matter of fact, right now, we wouldn't have jurisdiction over anything? Right now, based on the code and the CFR, the Secretary of Education's decision is a final order. Judge Walton has denied the request for a TRO. He's denied the request for a preliminary injunction. Summary judgment briefing will be complete in May. There will be... The district court has declined to set a hearing, and so we can expect some decision sometime this summer. So, but even without jurisdiction... So then, even in terms of jurisdiction, since our authority, if they are not an agency, this is not an agency in which the Department of Education is recognized, and therefore, we right now don't have jurisdiction, how do we now order this entity, even for something done in the past, that it now has to give you accreditation, or allow you to keep it? You don't have to do that at all, Your Honor. What Judge Tringa did is, he put the accreditation back in place. He stayed the proceedings. How do we say you can do that, if you don't have any jurisdiction? At this point. At the time, there was jurisdiction. But at the time, the order is... When we make our decision, and tell the council what it can and cannot do, we're telling it something to do when no longer... It doesn't have to do it, because it's not under federal jurisdiction. Well, no. Your Honor, I respectfully disagree. They cite Munsingware, Supreme Court case from 1950, which is the general rule that, upon a finding of lack of jurisdiction or mootness at the appellate stage, the entire case will be reversed and vacated. In 1994, the Supreme Court of the United States and Bancorp, in a unanimous opinion, clarified Munsingware, and said that vacatur is not appropriate when the losing party has done something to alter the state of play. Why do you want accreditation from an entity that's not being recognized by the Department of Education? What are you going to get out of it? What we get out of it, sir, is in its December 12, 2016 order, the Secretary of Education said that institutions have 18 months to find new accreditation. And so Bristol University is in the process of doing that. And so what Judge Tringa has done is, he has set the state of play back to what it was, and what it should be, and I can get to the merits of his ruling, which was correct. And what that has now allowed Bristol to do... Bristol and no other... As far as I'm aware, the record's pretty clear that nobody, at least in this proceeding, knew about the Secretary of Education's review. Yes, sir. If the council, right now, with the Department of Education not recognizing it at all, would now send you a letter that says, I understand we had, you know, we got the adjustment court that said to allow this to go on, but now we are no longer in control or we have nothing with the Department of Education. We're taking accreditation away. What happens? Well, they... That's a new... That's a new... Not the old one. This is new, because they are a different type of entity now. Yes. Unlike the other guys on the street that doesn't have any recognition by the Department of Education. What happens? Well, what the Secretary of Education did in December of 2016 is there's a process that has been laid out for Bristol and every other university across the country that has been accredited by the council whereby they can go and seek accreditation through an entity that has been recognized by the Department of Education. But can they do that? Could they go in today because they're not recognized by the Department of Education to say to you right now, okay, maybe we were wrong in the past, but we're not bound by that anymore. You're not accredited. Right now, no sir, they cannot. And pending whatever Judge Walton does in the summary judgment, that that may alter... So we maintain in control an entity that is no longer under the federal government by basis of recognition if we maintain what they are now going to do and we can issue orders and tell them what to do even though they are not recognized under the federal government by the Department of Education. So I think there are two things here. One, the council is no longer recognized. What the Secretary of Education has done in its December 12, 2016 order is all universities have been given an 18-month period to seek a new accreditation from an entity that has been recognized by the Department of Education. So you have a little time. We have time to do that and we are undergoing that. What if we would hold this in abeyance pending the determination by the district court in terms of whether the Department of Education or the Education Department comes back? I mean, what does that do for you? That still gives you time, doesn't it? Yes, sir. So I mean, holding it in abeyance is the easiest thing to do given the pendency. Would you argue with that? Not at all. Give you time? It would be the cleanest time you have ever had. No, I would not. You can do your little seeking other entities with accreditation and if they get it back by hold of it, it means you then can come back and argue for it. What do you lose? Nothing at all. So why wouldn't you argue for it? I would argue for it right now, sir. So I do think in looking at our supplemental brief, I would amend portions of it to say that I do think the question of jurisdiction is up in the air. You may not because you know that does not fly. You say this thing is booted. You don't just get taken away. Yes, sir. I am withdrawing that portion of our brief. So I think the easiest thing to do in terms of the jurisdictional issue is to hold the case, wait to see what happens in the district court proceedings and then order the parties to provide supplemental briefing whenever that summary judgment briefing. I can't understand why your partner over there on the other side wouldn't agree with that. It seems like he said he also says there's jurisdiction here. So that sounds like it just makes sense that if it is, just wait. If it is and then you get your time to go looking at all the stuff and things of that nature. Yes, sir. Go ahead. Yes, sir. So I think are there any other questions on the jurisdictional issue? Judge Davis? I think this relates to jurisdiction. Assume for the sake of discussion that the panel  the district court erred in granting the preliminary injunction and believes that there is or may be jurisdiction and therefore is inclined to vacate the preliminary injunction. Just assuming arguendo that scenario then what would be the status of the parties and the context if the preliminary injunction were vacated? Would you vacate only the preliminary injunction or the entirety of Judge Trinket's order? Well, the preliminary injunction is what you're here on. Yes, sir. Well, he entered an injunction and he stayed the case and he put Right. We're talking about the preliminary injunction which would vitiate your continuing accreditation. Yes, sir. We return the parties to the status quo ante except that's not exactly true because the secretary has rescinded authorization. Right. So what would that look like? What would that mean for the parties? If you vacated the preliminary injunction we at this point I think we would be in an amorphous no man's land. So you would go back to the district court and then the district court as an initial matter would have to grapple with this question one of whether it has jurisdiction Yes, sir. and two whether to stay the case with or without a determination of whether it has jurisdiction. Right. So I think the way I would answer that question But you would lose your accreditation at that point. Possibly. We could ask for I mean if you vacated the preliminary injunction Right. I presume that would vacate the TRO that was also entered. Well, the TRO is merged in the preliminary injunction. Right. Then we would have to go back and say we would ask for a stay of the proceedings that we would ask for another TRO given the pendency of the case in front of Judge Walton and just to stay everything and give us time to know what's going to happen with the Department of Education whether the council is going to continue to be a recognized accrediting entity. And so does that answer your question? I think so. I think so. It's pretty messy isn't it? Yes, sir. But I guess nobody really wants to take the risk of doing anything without knowing what Judge Walton's case is going to look like in a week or two weeks or three weeks or four weeks. Or two months. May. May is when the summary judgment briefing will be done. Oh, so the briefing is concluded in May. Yes, sir. So you don't anticipate he's going to rule obviously. But he entered a scheduling order two weeks ago, three weeks ago setting out a summary judgment briefing. Counselor, your brother there says that there are also negotiations or my word, not his, but discussions between the Secretary and his client. Obviously, you don't know anything about that. No, sir. That's the first I've heard of that. But it goes back So in other words, my point being Judge Walton's not going to have a ripe summary judgment in front of him until May or perhaps June. Right. But other things are happening at the same time. Yes, sir. That could resolve that other part of this overall dispute. Right. And so in terms of the jurisdictional issue, the easiest thing to do is just to stay. If you decide that there is no jurisdiction, I would ask the court not to vacate the preliminary injunction entered by Judge Tringa, which you have the discretion not to. It seems bad to wait and see. Right. There's another way this thing could be resolved. You had 24 deficiencies? Yes, sir. You know, you're having some time here. You're making progress. Why don't you guys work those things out? Maybe the counsel will go ahead and give you the accreditation. Without this, that is the case. I mean, there's been some movement there. Yes, sir. When you're dealing with the merits of it, it looks like you guys aren't really disputing 24 deficiencies. There's some evidence there. You know, there's a lot of questions here that could put this into back and forth. But ultimately, regardless of how this comes out, you want to get that accreditation even if they get the recognition back, then you really want it. You don't want to be without it.  you're working on the 24 deficiencies. Yes, sir. And my client is working on those deficiencies and is also... At some point, those things might be resolved and you guys might get together and send a letter to this court and say, well, we've worked this out, this is over. That could happen. Yes, sir. And Judge Tringa ordered mediation which was not successful. And I think in terms of the deficiencies, my client did not contest those below. For the vast majority of the proceedings before the counsel,   And part of this is in the complaint. It's in the appendix. It had... It raised questions about whether or not it would be a good thing to do. It raised questions with the counsel whether it should have legal representation. It was told it didn't need it. When the counsel made its final decision which we think was contrary to the accreditation criteria, and Judge Tringa was correct in his rulings there, my client quickly retained counsel and they came in and asked for six months to remedy everything. Because I think part of it, you know, there's some discrepancies as to what was filed and what was not filed and how things were put before the counsel. And I think so in terms of the number of deficiencies, I think that in many respects is a red herring. Six months? They denied our request for six months. How long has it been? At this point it's been almost a year. Since that... Since the review board had the appeal. Say again, sir? Remedial? I mean, you've had twice six months. Yes, sir. I believe most, if not all, of the cited deficiencies have been remedied. And my client is... Is that not a procedure now? You'd go back and say that it's counsel? All those deficiencies were remedied? Would you now give it to us? Well, we're... Yes, sir. But for... In the course of this appeal is when my client first learned of the Department of Education proceedings with the counsel and the revocation of its authority as an accrediting institution. But you still want the accreditation? Yes, sir. If you still want it, these have been on. Right. So right now, we do have the accreditation by virtue of the... That's not understanding what's going on. You're telling me those deficiencies are essentially done and counsel's sitting behind here. Why don't you just tell them and then even if they say okay. I don't think the counsel is in the business trying to keep you out of business. They want to make sure you comply with the requirements and standards. And if that's done, then it sounds to me like you get it. There's some discussion going on here. Yes, sir. And well, the courts are not being put in the middle of this thing here. You guys need to work this out. That's my opinion. Well, Judge Winn, I can assure you and represent to you that we will do so. In terms of the merits of the case, both sides recognize that this is reviewed for abuse of discretion. I think Judge Trinca, Judge Tringa, correctly looked at the accreditation. criteria, which specifically set out time limits that were not given to Bristol University. And there was no explanation on the record at any point in the administrative process as to why those time limits were not given to Bristol University. And so, I think Judge Tringa correctly looked at the criteria, looked at the fact that time limits were specified, time limits were not given to Bristol University. And there was  as to why those time limits. Are you referring to the 2016 protocols or the protocols that were in effect at the time of the relevant action here? The 2016 protocol, the accreditation criteria or the protocols, whatever you'd like to call them, sir, they were the ones that were before the district court. When you say before the district court, you mean that were applied by the district court? That were applied by the district court that were submitted into evidence by both parties without objection. The first time the issue of which version should have been raised was when the council filed their motion for reconsideration after they filed their notice of appeal. So you contend that was waived effectively? Yes, sir. It was waived effectively. And if it weren't waived, does it matter? No, sir. It does not matter. If you look at the appendix, the 2016 version, which is the version the district court used, I would direct the court to appendix pages 399 and 400. That's a black line version of the changes between the 2015 and the 2016 version. And I think the court will see there that all the council did was clarify when exactly the time limits should be enacted. But the time limits were the same. That did not change from the 2015 to the 2016 version. And the requirements under the criteria and under the Higher Education Act did not change that the council was required to give Bristol University written notice of the time requirements, which it did not do, and a written reason why it didn't comply. Is it true you didn't ask for more time from the council? At that time, no, sir, my client did not. It was not represented by council when it was represented by council. One of the first things council did in a March 14, 2016 letter is ask for six months to remedy the physical disease. Before the review? Yes, sir. Is that a waiver? No, sir, I don't think so. The review board under the accreditation criteria had the authority to give that remedy. Did they have to? Is there anything in the protocol that required them to explain the denial? Yes, sir. If you look at in the 2016 version appendix pages How about the 2015 version? In the 2015 version it's the same section 2-3-600 which is that appendix page 597. It says the review board has to explain in writing a denial of more time. Yes, sir. It has to explain its rulings. I'm talking about the more time. That's the ruling that you're explaining about. Yes, sir. You didn't contest any of the deficiencies. No, sir. What in the protocol required the review board to explain its reasons  of additional time? It has to give all of its reasons in writing. And that's section 2-3-600. For more time? Yes, sir. That and any of its other rulings. It has to give them in writing. Do you have the language there in front of you that actually says that? I don't mean all its rulings. I mean more time. Well, it doesn't specifically say more time. It just says it has to give its reasons in writing for its ruling and its recommendations if any. I see that my time has expired. Are there any other questions? Thank you very much. Thank you, sir. Reply. Thank you very much. Turning to the last point, the decision of the review board has to state the statement of reasons and recommendations as well as a statement of which members agree and disagree with that decision. In this case, the review board said it was not arbitrary, it wasn't capricious, there was substantial evidence. We affirm because unless you find, unless the review board found it arbitrary or capricious or lack of substantial evidence, it's got no choice. The statement that the review board had the authority to grant six months is wrong. I'm sorry. It is wrong. The criteria also state that the review board cannot reverse or remand on the argument that the sanction imposed is disproportional to the violations found. So the argument that there are only 24, we can clean this up in six months, you don't need to is precisely the argument the review board can't hear. So the review board had no choice. And I would argue it was in fact a waiver. Not to ask for additional time from the council. To return to Wait, just let me ask you a question. Just so I'm clear on something. After having heard all these questions and points being made, are you arguing that we have jurisdiction or we do not have jurisdiction? Um, let me put it this way, your honor. If I had to write the opinion, I think I would be voting in favor of federal jurisdiction because it happened while under a federal statute. You know, but jurisdiction has to continue throughout the case. I understand that. I also know that one of the the Congress is continuously wise in not giving me a black robe. So, I'm very glad I'm not writing the opinion. But, my own view is that there is in fact jurisdiction. Federal question jurisdiction? I believe actually there is both. But, again, I'm on this side of the point. Based on the federal jurisdiction? Right. The fact that at the time when the accreditation decision was made, the act was governed by the AGA and the agency was in fact recognized. That's a good question. What makes it continue? What makes it continuing? Why don't you rely on the analogy to diversity where diversity exists when the complaint is filed and then defendant moves into the state of the plaintiff. That doesn't vitiate a federal. It does not vitiate jurisdiction, Your Honor. And diversity does in fact exist here. I understand. I'm sorry? Versus jurisdiction and federal questions are totally different. They are indeed, Your Honor. Yeah. If it happens at the time that the injury has occurred when they are in two different states and the fact that you move to the other doesn't keep that from happening at the time of the injury. Federal jurisdiction is a whole different thing. Okay. I understand. Continuing jurisdiction you've got to have. I understand. If you have a federal question, gone. I understand that point, Your Honor. Why do you say there's diversity here? Because Bristol is a California organization. ACICS is incorporated in Virginia. Uh-huh. So the only question is the amount of controversy? The only amount is the amount of controversy. And this gets to. You did not plead, which was not pledged. Which was not pledged. But you don't have to plead. And the other question is there's nothing on the state law. There's nothing on the state law. There's no state law. All federal questions have been conflicted. Right. But there's a question about the construction of the contract between these two parties and how it is applied. And one might argue, and I think the Cooley court said, Thomas Cooley court said in DICTA that were the decision made by an unrecognized accrediting agency. One of the guys on the street, Your Honor. Then that might be a question of state law. They didn't have that issue because it wasn't a recognized agency. But they said it might be. I want to get to Your Honor, your question, Your Honor, about what would happen if the preliminary injunction were vacated. In that event, I'm running out of time. In that event, the entire preliminary injunction would cease. You can't have the stay without losing the preliminary injunction. Bristol would automatically be unaccredited by any agency. The ramifications for Bristol would be varied depending upon what happened. I think it would have ramifications for its application to another agency which in turn gets the diversity jurisdiction. My time is up. If I may finish this one thought, Your Honor. The amount in controversy. If Bristol is not accredited, according to the complaint, it loses its license to do business in California, the institution would have to close. The value of the institution is clearly more than $75,000. I have the red light. Thank you very much, Your Honor. I'll ask the clerk to adjourn the court and then we'll come down to Greek Council. The court is adjourned. God save the United States. The court is adjourned.
judges: William B. Traxler, Jr., James A. Wynn, Jr., Andre M. Davis